**Opinion issued December 6, 2012**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-12-00794-CV

————————————

**ROBERT AND KAREN FLETCHER, Appellants**

**V.**

**HASSAN AMIR AHRABI AND DIANE AHRABI, Appellees**

---

**On Appeal from the 151st District Court**
**Harris County, Texas**
**Trial Court Cause No. 1000159**

---

## MEMORANDUM OPINION

Appellants, Robert and Karen Fletcher, attempt to appeal from the trial court's final summary judgment signed April 23, 2012 in favor of appellees, Hassan Amir Ahrabi and Diane Ahrabi. Appellees move to dismiss this appeal for lack of jurisdiction because the notice of appeal in the trial court was filed past the

deadline. Because appellants' notice of appeal was not timely filed, we grant the appellees' motion and dismiss the appeal.

Generally, to confer jurisdiction in the appellate courts, a notice of appeal must be filed within 30 days after the date the judgment is signed. *See* TEX. R. APP. P. 26.1. The deadline to file a notice of appeal is extended to 90 days after the date the judgment is signed if any party timely files a motion for new trial, motion to modify the judgment, motion to reinstate, or, under certain circumstances, a request for findings of fact and conclusions of law. *See* TEX. R. APP. P. 26.1(a).

The clerk's record reflects that the trial court signed its judgment on April 23, 2012. Appellants timely filed a motion for new trial. Appellants' motion for new trial extended the deadline to file their notice of appeal to 90 days after the date the judgment was signed, or July 23, 2012. *See* TEX. R. APP. P. 26.1(a). Appellants, however, did not file their notice of appeal until 30 days later, on August 22, 2012. Our Court never gained jurisdiction to hear the appeal.

We may extend the time to file a notice of appeal only if, within 15 days after the deadline to file the notice of appeal, a party files a motion for extension of time. *See* TEX. R. APP. P. 10.5(b), 26.3. We imply a motion for extension of time when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by rule 26.1, but within the 15-day extension period provided by Rule 26.3. *See* TEX. R. APP. P. 26.1, 26.3; *Verburgt v. Dorner*, 959 S.W.2d 615, 617–18

2

(Tex. 1997). Appellants also did not file their notice of appeal within the 15-day *Verburgt* period nor seek an extension of time to file a notice of appeal. *See* TEX. R. APP. P. 26.3; *Verburgt*, 959 S.W.2d at 617–18.

In their notice of appeal, appellants state that they appeal from the trial court's "final judgment denying a motion for new trial entered into July 23, 2012." An order denying a motion for new trial is not independently appealable. *See e.g.*, *Overka v. Bauri*, No. 14-06-00083, 2006 WL 2074688, at *1 & n.1 (Tex. App.— Houston [14th Dist.] July 27, 2006, no pet.) (not designated for publication).

Because appellants' notice of appeal was untimely filed, we lack jurisdiction to hear this appeal. *See* TEX. R. APP. P. 25.1.

Accordingly, we grant the appellees' motion to dismiss the appeal. *See* TEX. R. APP. P. 43.2(f). We dismiss all other pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Bland and Huddle.